IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STAR LOCK SYSTEMS, INC. )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIXIE-NARCO, INC., ET AL., )<br>)<br>Defendants. ) | Case No. C2-03-616<br><br>JUDGE FROST<br>MAGISTRATE JUDGE ABEL |

## AMENDED ANSWER AND COUNTERCLAIM OF ROYAL VENDORS, INC.

### Answer

Defendant Royal Vendors, Inc. ("Royal Vendors") hereby files its answer and affirmative defenses to the Complaint filed by Star Lock Systems, Inc. ("Star Lock").

### Parties, Jurisdiction and Venue

1. Royal Vendors is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and accordingly denies same.

2. Royal Vendors is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and accordingly denies same.

3. Admitted.

4. Royal Vendors is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint and accordingly denies same.

COL - 85895.1

5. Royal Vendors is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint and accordingly denies same.

6. Royal Vendors is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint and accordingly denies same.

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Royal Vendors admits that the Complaint purports to state a claim for patent infringement and that, to the extent the Complaint properly states such a claim, this Court would have original subject matter jurisdiction under 28 U.S.C. § 1338. Except to the extent expressly admitted, Royal Vendors denies the allegations of Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Royal Vendors admits that venue is proper in this judicial district. Except to the extent expressly admitted, Royal Vendors denies the allegations of Paragraph 8 of the Complaint.

Background Facts

9. Royal Vendors is without sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and accordingly denies same.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Royal Vendors denies the allegations in Paragraph 14 of the Complaint.

15. Admitted.

<u>Count I - Patent Infringement of U.S. Patent No. 5,269,161</u>

16. Royal Vendors repeats its answers and responses to paragraphs 1-15 as set forth above.

17. Royal Vendors denies the allegations in Paragraph 17 of the Complaint.

18. Royal Vendors denies the allegations in Paragraph 18 of the Complaint.

19. Royal Vendors denies the allegations in Paragraph 19 of the Complaint.

20. Royal Vendors denies the allegations in Paragraph 20 of the Complaint.

<u>Count II - Patent Infringement of U.S. Patent No. 5,467,619</u>

21. Royal Vendors repeats its answers and responses to paragraphs 1-20 as set forth above.

22. Royal Vendors denies the allegations in Paragraph 22 of the Complaint.

23. Royal Vendors denies the allegations in Paragraph 23 of the Complaint.

24. Royal Vendors denies the allegations in Paragraph 24 of the Complaint.

25. Royal Vendors denies the allegations in Paragraph 25 of the Complaint.

26. Further answering, Royal Vendors denies each and every other allegation contained in the Complaint not heretofore specifically admitted.

**ADDITIONAL DEFENSES**

Further answering the Complaint, Royal Vendors asserts the following additional defenses, without assuming the burden of proof when such burden would otherwise be on Star Lock. Royal Vendors expressly reserves the right to amend its Answer as additional information becomes available and/or is otherwise discovered.

### First Affirmative Defense

27. The Complaint fails to state a claim against Royal Vendors upon which relief can be granted.

### Second Affirmative Defense

28. Royal Vendors states that Star Lock is wholly or partially barred from the relief that it seeks based upon the principles and doctrines of waiver, equitable estoppel, laches, and/or acquiescence.

### Third Affirmative Defense

29. Upon information and belief, Royal Vendors states that Star Lock is wholly or partially barred from the relief that it seeks because the asserted patents are invalid as to each of the claims thereof for failure to comply with the requirements of the patent laws of the United States, 35 U.S.C. § 100 et seq., for one or more of the following reasons, as well as others hereinafter set forth or which defendant Royal Vendors may hereafter discover or otherwise become informed:

    (a) The alleged inventions are not a new process, machine, manufacture, or composition of mater, nor a new improvement thereof;

    (b) The alleged inventions were known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the applicant for patent;

    (c) The alleged inventions were patented or described in a printed publication in this or a foreign country, or were in public use, on sale and/or sold in this country, more than one year prior to the date of the application therefore in the United States;

  (d) The alleged inventions were described in a patent granted on an application for patent by another filed in the United States before the alleged invention thereof by the applicant or applicants for patent;

  (e) The patentees did not themselves invent the subject matter claimed;

  (f) Before the alleged inventions were made by the patentees, the alleged inventions were made in this country by others who had not abandoned, suppressed or concealed the same;

  (g) The difference between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged inventions were made to a person having ordinary skill in the art to which the subject matter pertains;

  (h) The alleged inventions do not involve the exercise of inventive faculty but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentees; and

  (i) The patents do not contain a written description of the alleged inventions in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventor of carrying out the alleged invention.

### Fourth Affirmative Defense

30. By reason of the proceedings in the U.S. Patent and Trademark Office ("PTO") during the prosecution of the applications that matured into the asserted patents, and in particular, the applicants' and/or their representatives and/or agents remarks, representations, concessions, amendments and/or admissions during those proceedings, Star Lock is precluded

and estopped from asserting that Royal Vendors has infringed upon any of the claims of the asserted patents.

### Fifth Affirmative Defense

31. Star Lock is not entitled to any damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any products made, used, offered for sale, and/or sold by Royal Vendors within the United States that are alleged to infringe any of the claims of the asserted patents to the extent that Star Lock has not complied with the notice requirements of 35 U.S.C. § 287.

### Sixth Affirmative Defense

32. Any claims of the asserted patents that may not be, arguendo, held invalid and/or unenforceable are so restricted in scope that Royal Vendors has not infringed, and does not infringe, upon any such claims.

### Seventh Affirmative Defense

33. The claims asserted against Royal Vendors are barred, in whole or in part, upon the principles and doctrines of bad faith and/or unclean hands.

WHEREFORE, Royal Vendors denies that Star Lock is entitled to any relief, as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment dismissing the Complaint with prejudice, awarding Royal Vendors its attorneys' fees, and for such other and further relief as may be just and proper under the circumstances.

### COUNTERCLAIM

COMES NOW Royal Vendors, Inc. ("Royal Vendors"), and for its Counterclaim against Star Lock Systems, Inc. ("Star Lock") states as follows:

## Nature of the Action

1. This Counterclaim seeks, inter alia, a judgment declaring that the claims of two patents owned by Star Lock, United States Patent No. 5,269,161 (the '161 Patent") and Patent No. 5,467,619 ("the '619 Patent") are invalid, unenforceable and not infringed by Royal Vendors.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this Counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq., under 38 U.S.C. § 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, et seq. This Court also has jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1332(a) in that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and diversity of citizenship exists among the parties. Venue is proper in this judicial district under the provisions of 28 U.S.C. §§ 1391(b) and 1400.

## The Parties

3. Royal Vendors is a Missouri corporation having a principal place of business in Kearneysville, West Virginia.

4. Upon information and belief, Star Lock is an Ohio Corporation with its principal place of business at 3999 Parkway Lane, Hilliard, Ohio 43026.

## Acts Giving Rise to the Counterclaim

5. On July 9, 2003, Star Lock commenced a civil lawsuit against Royal Vendors and the other defendants alleging that Royal Vendors is infringing upon the claims of the '161 and '619 Patents.

6. By such action, Star Lock has created an actual and justiciable case and controversy between itself and Royal Vendors concerning whether the '161 and '619 Patents are

valid and/or enforceable, as well as whether Royal Vendors is infringing upon any valid and/or enforceable claim of the '161 and/or '619 Patents.

7. Royal Vendors has not infringed, and is not infringing, upon any claims of the '161 and '619 Patents.

## COUNT I

### Declaratory Judgment of Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 5,269,161 (28 U.S.C. §§ 2201 and 2202)

8. Royal Vendors incorporates by reference each and every allegation set forth in paragraph 1 through 7 of this Counterclaim as if fully set forth and restated herein.

9. Upon information and belief, all of the claims of the '161 Patent are invalid, unenforceable, and void, for at least one or more of the following reasons:

(a) the patentees did not invent the subject matter of the '161 Patent, nor did the make any invention or discovery, either novel, original, or otherwise, within the meaning of United States Code, Title 35;

(b) the alleged invention of the '161 Patent was made by another in this country before the patentees' alleged invention, and such other person had not abandoned, suppressed, or concealed it;

(c) in light of the prior art at the time the alleged invention was made, the subject matter as claimed in the '161 Patent would have been obvious to one skilled in the art to which the alleged invention relates and does not constitute a patentable invention;

(d) more than one year prior to the filing of the original application which matured into the '161 Patent, the alleged invention was described in printed publications in this country, and/or was in public use and on sale in this country;

(e) before the alleged invention claimed in the '161 Patent by the patentees, the alleged invention was known or used by others in this country and was described in a printed publication in this country;

(f) the alleged invention does not involve the exercise of inventive faculty but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentees; and/or

(g) the patent does not contain a written description of the alleged invention in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventor of carrying out the alleged invention.

10. By reason of the proceedings in the U.S. PTO during the prosecution of the application that matured into the '161 Patent, and in particular, the applicants' and/or their representative(s) and/or agents remarks, representations, concessions, amendments and/or admissions during those proceedings, Star Lock is precluded and estopped from asserting that Royal Vendors has infringed upon any of the claims of the '161 Patent.

11. Any claims of the '161 Patent that may not be, arguendo, held invalid and/or unenforceable are so restricted in scope that Royal Vendors has not infringed, and does not infringe, upon any such claims.

## COUNT II

### Declaratory Judgment of Invalidity, Unenforceability and Non-Infringement of U.S. Patent No. 5,467,619
### (28 U.S.C. §§ 2201 and 2202)

12. Royal Vendors incorporates by reference each and every allegation set forth in paragraph 1 through 11 of this Counterclaim as if fully set forth and restated herein.

13. Upon information and belief, all of the claims of the '619 Patent are invalid, unenforceable, and void, for at least one or more of the following reasons:

(a) the patentees did not invent the subject matter of the '619 Patent, nor did they make any invention or discovery, either novel, original, or otherwise, within the meaning of United States Code, Title 35;

(b) the alleged invention of the '619 Patent was made by another in this country before the patentees' alleged invention, and such other person had not abandoned, suppressed, or concealed it;

(c) in light of the prior art at the time the alleged invention was made, the subject matter as claimed in the '619 Patent would have been obvious to one skilled in the art to which the alleged invention relates and does not constitute a patentable invention;

(d) more than one year prior to the filing of the original application which matured into the '619 Patent, the alleged invention was described in printed publications in this country, and/or was in public use and on sale in this country;

(e) before the alleged invention claimed in the '619 Patent by the patentees, the alleged invention was known or used by others in this country and was described in a printed publication in this country;

(f) the alleged invention does not involve the exercise of inventive faculty but only the judgment, knowledge and skill possessed by persons having ordinary skill in the art at the time of the alleged invention thereof by the patentees; and/or

(g) the patent does not contain a written description of the alleged invention in such full, clear, concise and exact terms to enable one skilled in the art to which it is directed to make and use it, and, further, does not set forth the best mode contemplated by the alleged inventor of carrying out the alleged invention.

14. By reason of the proceedings in the U.S. PTO during the prosecution of the application that matured into the '619 Patent, and in particular, the applicants' and/or their representative(s) and/or agents remarks, representations, concessions, amendments and/or admissions during those proceedings, Star Lock is precluded and estopped from asserting that Royal Vendors has infringed upon any of the claims of the '619 Patent.

15. Any claims of the '619 Patent that may not be, arguendo, held invalid and/or unenforceable are so restricted in scope that Royal Vendors has not infringed, and does not infringe, upon any such claims.

WHEREFORE, Royal Vendors, Inc., respectfully prays that the Court enter judgment in its favor and award the following relief against Star Lock Systems, Inc.:

A. Declare that Royal Vendors has not infringed and is not infringing upon any of the claims of U.S. Patent Nos. 5,269,161 and 5,467,619;

B. Declare that each claim of U.S. Patent Nos. 5,269,161 and 5,467,619 is invalid and/or unenforceable and of no force or effect;

C. Permanently enjoin Star Lock and its officers, directors, agents, servants, employees, and any and all persons in active concert or participation with any of them, from asserting, stating, implying or suggesting that Royal Vendors and/or any of its respective officers, directors, agents, servants, employees, subsidiaries or customers, infringe upon any of the claims of U.S. Patent Nos. 5,269,161 and 5,467,619;

D. Award Royal Vendors its costs and reasonable attorneys' fees incurred in connection with this action; and

E.	Award and grant Royal Vendors such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

By: **/s Stephen E. Chappelear**
Stephen E. Chappelear (0012205)
HAHN LOESER & PARKS LLP
1050 Fifth Third Center
21 East State Street
Columbus, Ohio 43215
Tele. 614/221/0240
Facs. 614/221/5909
E-mail: sechappelear@hahnlaw.com

Of Counsel:

Kenneth J. Mallin
Daniel A. Crowe
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Tele. (314) 259-2000
Facs. (314) 259-2020

Attorneys for Defendant Royal Vendors, Inc.

COL - 85895.1

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a copy of the foregoing was served upon the following via electronic notification or by other means this 10th day of November, 2003:

Thomas B. Ridgley, Esq.
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street, PO Box 1008
Columbus, OH 43216-1008

Lawrence D. Walker, Esq.
Taft, Stettinius & Hollister
21 E. State Street, 12th Floor
Columbus, OH 43215

Ray L. Weber, Esq.
Renner, Kenner, Grieve, Bobak, Taylor & Weber
First National Tower, 4th Floor
Akron, OH 44308-1456

James D. Muskal, Esq.
Leydig, Voit & Mayer
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780

Michael D. Lake, Esq.
Joseph M. Kinsella, Jr., Esq.
Wallenstein & Wagner
311 S. Wacker Dr., 53rd Floor
Chicago, IL 60606

Kevin McDermott, Esq.
Schottenstein, Zox & Dunn L.P.A.
250 West Street
Columbus, OH 43215

D. Patrick Kasson, Esq.
Amy S. Thomas, Esq.
Reminger & Reminger
505 S. High Street
Columbus, OH 43215

James S. Savage, III, Esq.
McFadden Winner & Savage
175 South Third Street, Suite 2210
Columbus, Ohio 43215-5134

                                                  **/s Stephen E. Chappelear**
                                                  Stephen E. Chappelear