IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STAR LOCK SYSTEMS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. C2 03 616 |
| ) | |
| DIXIE-NARCO, INC. ) | Judge Gregory L. Frost |
| ) | |
| *et. al.* ) | Magistrate Judge Mark R. Abel |
| ) | |
| Defendants. ) | |

## FIRST AMENDED ANSWER AND COUNTERCLAIMS OF TRITEQ LOCK AND SECURITY, L.L.C.

Defendant, TriTeq Lock and Security, L.L.C. ("TriTeq"), by and through counsel, answers the Complaint of Star Lock Systems, Inc. ("Star Lock"), but solely insofar as its allegations pertain to TriTeq, as follows. Nothing herein is intended as a response on behalf of or with respect to any of the other named defendants. The paragraph numbers herein correspond to the paragraph numbers of the allegations in the Complaint to which they respond.

1.      TriTeq is without independent knowledge or information sufficient to form a belief as to the truth of Paragraph 1 and, accordingly, denies the same.

2.      TriTeq is without independent knowledge or information sufficient to form a belief as to the truth of Paragraph 2 and, accordingly, denies the same.

3.      TriTeq is without independent knowledge or information sufficient to form a belief as to the truth of Paragraph 3 and, accordingly, denies the same.

4.      TriTeq is without independent knowledge or information sufficient to form a belief as to the truth of Paragraph 4 and, accordingly, denies the same.

{H0415656.1 }

1

5. TriTeq is without independent knowledge or information sufficient to form a belief as to the truth of Paragraph 5 and, accordingly, denies the same.

6. TriTeq admits that it is an Illinois limited liability company. TriTeq denies the remaining allegations of Paragraph 6.

7. TriTeq admits the allegations of Paragraph 7.

8. TriTeq admits that venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b). TriTeq denies the remaining allegations of Paragraph 8.

9. TriTeq admits that Exhibits A and B are true and correct copies of U.S. Patent Nos. 5,269,161 and 5,467,619, respectively. TriTeq is without independent knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, accordingly, denies the same.

10. TriTeq admits that it is engaged in the design, manufacture, sale and distribution of latching systems for a variety of applications. TriTeq further admits that it is engaged in the design, manufacture, sale and distribution of locking systems for vending machines. TriTeq denies the remaining allegations of Paragraph 10.

11. TriTeq admits the allegations of Paragraph 11.

12. TriTeq admits the allegations of Paragraph 12.

13. TriTeq admits that Dixie-Narco and Royal have manufactured a vending machine called the "High Visibility Vender." TriTeq is without independent knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13 and, accordingly, denies the same.

14. TriTeq denies the allegations of Paragraph 14.

15. TriTeq is without independent knowledge or information sufficient to form a belief as to the truth of Paragraph 15 and, accordingly, denies the same.

16. TriTeq incorporates its Answers to Paragraphs 1 – 15 by reference, as if fully set forth herein.

17. TriTeq denies the allegations of Paragraph 17.

18. TriTeq denies the allegations of Paragraph 18.

19. TriTeq denies the allegations of Paragraph 19.

20. TriTeq denies the allegations of Paragraph 20.

21, TriTeq incorporates its Answers to Paragraphs 1 – 15 by reference, as if fully set forth herein.

22. TriTeq denies the allegations of Paragraph 22.

23. TriTeq denies the allegations of Paragraph 23.

24. TriTeq denies the allegations of Paragraph 24.

25. TriTeq denies the allegations of Paragraph 25.

## AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, TriTeq alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

TriTeq has not infringed and does not infringe any claims of the Star Lock Patents.

### THIRD AFFIRMATIVE DEFENSE

The Star Lock Patents are invalid, unenforceable and void for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, and 103.

## FOURTH AFFIRMATIVE DEFENSE

The Star Lock Patents are invalid for failure to comply with 35 U.S.C. § 112.

## FIFTH AFFIRMATIVE DEFENSE

Star Lock is estopped, by prosecution history estoppel, from asserting infringement of the Star Lock Patents under the doctrine of equivalents or construing the claims of the Star Lock Patents to cover any product manufactured or sold by TriTeq.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of laches due to Star Lock's unreasonable and inexcusable delay in asserting infringement against TriTeq, and TriTeq has suffered and will suffer material prejudice attributable to this delay.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of estoppel. Star Lock, through misleading conduct, caused TriTeq to reasonably infer that Star Lock did not intend to enforce its patents against TriTeq, and TriTeq's reliance on this misleading conduct was reasonable. As a result, TriTeq will be materially prejudiced if Star Lock is allowed to proceed with its infringement claims.

## EIGHT AFFIRMATIVE DEFENSE

Star Lock is barred from claiming damages for any alleged infringement occurring before the filing of the Complaint to the extent that Star Lock has failed to comply with the provisions of 35 U.S.C. § 287.

## NINTH AFFIRMATIVE DEFENSE

Star Lock is barred by 35 U.S.C. § 288 from recovering its costs in this action.

## COUNTERCLAIMS

For its counterclaims against Plaintiff Star Lock Systems, Inc., TriTeq alleges as follows:

## COUNTERCLAIM I

1. Counter-Plaintiff TriTeq Lock and Systems, L.L.C. ("TriTeq") is an Illinois limited liability company with its principal place of business in Elk Grove, Illinois.

2. Upon information and belief, Counter-Defendant Star Lock Systems, Inc. ("Star Lock") is an Ohio corporation with its principal place of business at 3999 Parkway Lane, Hilliard, Ohio 43026.

3. An actual controversy exists between TriTeq and Star Lock concerning the validity and infringement of United States Patent Nos. 5,269,161 and 5,467,619 (collectively 'the Star Lock Patents.").

4. This counterclaim is made under 28 U.S.C. §§ 2201 and 2202, for a declaratory judgment of invalidity and noninfringement of the Star Lock Patents. This counterclaim arises under the Patent Laws of the United States, Title 35, United States Code. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

5. TriTeq does not infringe any claims of the Star Lock Patents.

6. The Star Lock Patents are invalid because the subject matter claimed therein fails to satisfy the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNTERCLAIM II

7. TriTeq hereby incorporates by reference paragraphs 1-6 of its Counterclaims as if fully set forth herein.

8. This matter is an exceptional case, and pursuant to 35 U.S.C. § 285, TriTeq is entitled to recover its reasonable attorney's fees expended in this action.

## COUNTERCLAIM III

9. TriTeq hereby incorporates by reference paragraphs 1-8 of its Counterclaims as if fully set forth herein.

10. Star Lock was aware of a latching mechanism made by The Chicago Lock Company at least as early as 1989, and which latching mechanism was offered for sale before the priority date and before the alleged conception date for the latching mechanisms recited in Claims 27-28 of u.s. Patent No. 5,467,619 ("the '619 patent").

11. The Chicago Lock Company latching mechanism was also disclosed in U.S. Patent No. 5,106,251 (the '251 patent).

12. Star Lock believed that at least one of the '251 patent and the commercial latching mechanism made, sold, and offered for sale by The Chicago Lock Company, was material to the examination of Claims 27-28 of the '619 patent.

13. Star Lock did not disclose to the United States Patent & Trademark Office ("PTO") the existence of either the '251 patent or the commercial product which predated the alleged inventions of Claims 27-28 of the '619 patent.

14. The PTO examiner in charge of the application leading to the '619 patent had no choice but to rely on the omission.

15. But for the omission, and representation that Mr. Woodrow Stillwagon was the first inventor, the examiner in the PTO would not have allowed claims 27-28 of the '619 patent.

16. The facts and circumstances surrounding this omission amount to intent to deceive the PTO.

17. Accordingly, Star Lock's conduct amounts to a fraud on the PTO, the public, and this Court.

18.     Such inequitable conduct renders the '619 patent unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, TriTeq denies that Star Lock is entitled to any of the relief demanded in the Complaint and request that this Court enter judgment:

a)  Finding, declaring and adjudging in favor of TriTeq and against Star Lock, dismissing with prejudice all claims of Star Lock;

b)  Finding, declaring and adjudging that the Star Lock Patents are invalid and unenforceable, and that TriTeq has not and does not infringe the Star Lock Patents;

c)  Finding this to be an exceptional case under 35 U.S.C. § 285, and awarding to TriTeq its costs (including expert fees), disbursements and reasonable attorneys' fees incurred in this action; and

d)  Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*John C. McDonald by John P. Gilligan*

John C. McDonald    (0012190)
250 West Street
Columbus, Ohio 43215-2538
Mailing Address: P. O. Box 165020
Columbus, Ohio 43216-5020
P: (614) 462-2201
F: (614) 462-5135
Trial Attorney for Defendant
TriTeq Lock and Security, L.L.C.

OF COUNSEL:

John P. Gilligan, Esq. (0024542)
Schottenstein, Zox & Dunn, LPA
250 West Street
Columbus, Ohio 43215-2538
Mailing Address: P. O. Box 165020
Columbus, Ohio 43216-5020
P: (614) 462-2221
F: (614) 462-5135

Micheal D. Lake, Esq.
Factor & Lake, Ltd.
1327 W. Washington Boulevard, Suite 5GM
Chicago, Illinois 60607
P: (312) 226-1818
F: (312) 226-1919

Joseph M. Kinsella, Jr. Esq.
Vladimir I. Arezina, Esq.
Wallenstein, Wagner & Rockey, Ltd.
311 South Wacker Drive, 53rd Floor
Chicago, Illinois 60606
P: (312) 554-3300
F: (312) 554-3301

## CERTIFICATE OF SERVICE

I hereby certify on March 19, 2004, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Counsel for Star Lock Systems, Inc.
Thomas B. Ridgely – tbridgely@vssp.com

Counsel for Royal Vendors, Inc.
Daniel A. Crowe at dacrowe@bryancave.com
Kenneth J. Mallin at kjmallin@bryancave.com
Steven E. Chappelear at sechappelear@hanlaw.com

Counsel for Dixie-Narco, Inc.
James Snoffner Savage, III at jssavage@earthlink.net

Counsel for PepsiAmericas, Inc.
John S. Letchinger at letchinger@wildmanharrold.com
Heather A. Boice at boice@wildmanharrold.com
D. Patrick Kasson at pkasson@reminger.com

Counsel for G&J Pepsi-Cola Bottlers, Inc.
Lawrence D. Walker at walker@taftlaw.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Counsel for Star Lock Systems, Inc.
William H. Oldach, III
James M. Burns, Esq.
VORYS, SATER, SEYMOUR & PEASE, LLP
1828 L Street, N.W., 11th Floor
Washington, D.C. 20036-5109

John C. McDonald by John P. Gilligan
John C. McDonald